09-4890-cv
Zheng v. Liberty Apparel Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

PRESENT: DENNIS JACOBS,
                                   <u>Chief Judge</u>,
                   BARRINGTON D. PARKER,
                   PETER W. HALL,
                                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X
LING NAN ZHENG, REN ZHU YANG, YUN ZHEN HUANG, WEN QIN LIN, SAI BING WANG, YE BIAO YANG, RONG YUN ZHENG, HUI FANG LIN, XIU YING ZHENG, JIN PING LIN, HUI MING DONG, YU BING LUO, SAU CHI KWOK, SAI XIAN TANG, YI ZHEN LIN, RUI FANG ZHANG, MEI JUAN YU, MEI YING LI, QIN FANG QIU, YI MEI LIN, MEI ZHU DONG, FUNG LAM, XIU ZHU YE, SING KEI LAM, XUE JIN LIN,

            <u>Plaintiffs-Appellees</u>,

CUI ZHEN LIN,

            <u>Plaintiff</u>,

1

                    -v.-                                    09-4890-cv

**LIBERTY APPAREL COMPANY, INC., ALBERT
NIGRI, HAGAI LANIADO,**

          Defendants-Cross-Claimants
          -Appellants,

**NGON FONG YUEN, 88 FASHION INC., TOP
FIVE SPORTSWEAR, INC., S.P.R.
SPORTSWEAR, INC., 91 FASHION INC.,**

          Defendants,

**LAI HUEN YAM, also known as Steven
Yam, 998 FASHIONS INC., 103 FASHION
INC.,**

          Defendants-Cross-Defendants.

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**              VANO I. HAROUTUNIAN (Will
                               Levins, on the brief), Ballon
                               Stoll Bader & Nadler, P.C., New
                               York, New York.

**FOR APPELLEES:**              JAMES REIF (Anna Roberts on the
                               brief), Gladstein, Reif &
                               Meginniss, LLP, New York, New
                               York.

     Appeal from a judgment of the United States District
Court for the Southern District of New York (Sullivan, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED IN PART and VACATED AND REMANDED IN PART.**

     Plaintiffs are a group of 25 Chinese garment workers
in New York City's Chinatown.  In 1999, they sued Liberty
Apparel Company and its two principals (collectively, "the
defendants"), and others, for violations of the Fair Labor
Standards Act, 29 U.S.C. § 201 et seq., New York state

2

analogs, and New York Labor Law § 345-a(1). Ultimately, a jury found Liberty Apparel and Albert Nigri liable on the FLSA and New York state analog claims, and all three defendants liable on the § 345-a(1) claim; following resolution of various post-trial motions, the district court entered judgment accordingly.

The defendants now appeal that judgment. They argue principally that the district court improperly allowed the jury to determine whether Liberty was plaintiffs' joint employer, whereas instead the court itself should have resolved that issue. We address this issue in a separate opinion filed contemporaneously with this summary order.

The defendants also argue that: (1) the district court, having previously concluded that three of the factors involved in the joint employment inquiry favored the defendants as a matter of law, improperly refused to charge the jury accordingly; (2) the jury's verdict was not supported by sufficient evidence; and (3) New York Labor Law § 345-a(1) does not allow a private right of action.

[1] In denying summary judgment on remand, the district court held that as to three of the relevant factors there was no genuine dispute of fact, and that each favored the defendants as a matter of law. The defendants argue that the court erred in failing to instruct the jury accordingly.

Even assuming that the district court erred in this regard, vacatur is unwarranted. An improper jury instruction does not require a new trial if the error was harmless. See 28 U.S.C. § 2111; Fed. R. Civ. P. 61; Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000). "An error is harmless only if the court is convinced that the error did not influence the jury's verdict." Gordon, 232 F.3d at 116. But "harmless error analysis does not require absolute certainty with respect to what effect the error had upon the verdict." Bruneau ex rel Schofield v. S. Kortright Cent. School Dist., 163 F.3d 749, 760 (2d Cir. 1998). "[W]hen we are able to conclude that the verdict was not substantially influenced by the alleged error, then we may be quite confident the objecting party's rights were not prejudiced and may uphold the general verdict." Id.

Here, any error would be harmful only if there was a reasonable chance that the jury could have deemed any or all of factors one, two, and four to favor plaintiffs. On this

3

record, that is implausible. The defendants admit that the plaintiffs conceded all three factors at trial, and the court's charge--which we presume the jury followed, <u>United States v. Salameh</u>, 152 F.3d 88, 116 (2d Cir. 1998)--ensured that no improper considerations infected the jury's weighing of these factors.

**[2]** The defendants argue, as they did by way of an unsuccessful Rule 50 motion in the district court, that the jury's verdict was not supported by legally sufficient evidence. We will reverse only if, considering the evidence in the light most favorable to the plaintiffs and drawing all reasonable inferences in their favor, there was "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of [the defendants] that reasonable and fair minded jurors could not arrive at a verdict against [the defendants]." <u>Nimely v. City of N.Y.</u>, 414 F.3d 381, 390 (2d Cir. 2005) (internal quotation marks and brackets omitted).

For largely the same reasons stated by Judge Sullivan in his oral decision, we conclude that there was a legally sufficient basis for the verdict. A reasonable jury could have found that three of the relevant factors favored plaintiffs. First, the defendants do not dispute that a reasonable jury could have found that plaintiffs "performed a discrete line-job that was integral to Liberty's process of production." <u>Zheng v. Liberty Apparel Co.</u>, 355 F.3d 61, 72 (2d Cir. 2003) (setting forth the relevant factors). Second, a reasonable jury could have concluded that the degree to which Liberty Apparel and its principals and agents supervised plaintiffs' work weighed in favor of plaintiffs given their testimony that representatives of Liberty Apparel supervised plaintiffs' work an average of three to four times per week for hours at a time and spoke directly to plaintiffs, on at least one occasion directing workers to stop work on another manufacturer's garments in order to begin work on Liberty's. Third, a jury could have reasonably concluded that plaintiffs worked predominantly for the defendants, given plaintiffs' testimony that 70 to 80 percent of their work was performed for Liberty.

Finally, the jury could infer that the defendants knew how much time it would take to do the work Yam contracted to

4

do, and that Yam would not pay plaintiffs more than he was paid by Liberty.

Thus, there was legally sufficient evidence for the jury's conclusion that the defendants exercised "functional control" over plaintiffs.

**[3]** The defendants argue that New York Labor Law § 345-a(1) provides no private right of action. At oral argument, the panel raised the prospect of certifying this important question to the New York Court of Appeals. Plaintiffs' counsel decided (in our view, sensibly) to abandon the § 345-a(1) claim rather than prolong further this eleven-year-old litigation. We therefore consider this claim abandoned, and we vacate the § 345-a(1) portion of the district court's judgment and remand for the district court to dismiss that claim and re-calculate the damages accordingly.

Finding no merit in the Liberty Defendants' remaining arguments, we hereby **AFFIRM IN PART and VACATE AND REMAND IN PART** the judgment of the district court. The mandate shall issue forthwith.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK